IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.                                            CASE NO. 8:18-cr-00234-MSS-MAP

CHRISTOPHER BRIAN COSIMANO
_____/

## SENTENCING MEMORANDUM

Defendant Christopher Brian Cosimano, by and through his undersigned counsel, pursuant to 18 U.S.C. §§ 3553, 3661 and Rule 32(i) of the Federal Rules of Criminal Procedure, hereby submits the following information for the Court to consider in determining a reasonable sentence to impose in this case:

### Facts

Christopher Brian Cosimano was charged in a second superseding indictment with Conspiracy to Commit Murder in Aid of Racketeering Activity (Count 1), Murder in Aid of Racketeering Activity (Count 2), Assault with a Dangerous Weapon in Aid of Racketeering (Count 6), Use of a Firearm During and in Relation to a Crime of Violence. (Counts 3, 4, and 7). A jury found him guilty at trial of Counts One through Four. The jury found him not guilty of counts Six and Seven. On motion of the Government, the Court dismissed Count Four.

The Presentence Report provides that Mr. Cosimano faces statutory sentences of up to ten years imprisonment on Count One, mandatory life imprisonment on Count Two, and a consecutive sentence of ten years to life on Count Three. The Guidelines calculations proposed in the Presentence Report fall at total offense level 43 and criminal history category III.

For the reasons set forth below, Mr. Cosimano respectfully submits that a mandatory term of life imprisonment should not apply as to Count Two. From there, Mr. Cosimano will ask this Court to impose a downward variance sentence below the applicable Guidelines range based on the enumerated 18 U.S.C. § 3553(a) factors.

I. **The Mandatory Life Sentencing Provisions of 18 U.S.C. § 1959(a)(1) Should not Apply in this Case Given that the Charged Predicate Offense in Count Two was the Florida Offense of First-Degree Premeditated Murder**

The Violent Crimes in Aid of Racketeering Activity statute, which is charged in Count Two, provides in relevant part:

> (a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished--

> (1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both…

18 U.S.C. § 1959. The second superseding indictment, in turn, alleged the underlying violent offense to be the Florida offense of first-degree premeditated murder set forth at Florida Statutes Section 782.04(1)(a)1.

Similar to 18 U.S.C. § 924(c), section 1959 allows for a predicate offense to be a violation of either a federal or state law. Subsection (a) of section 1959 then fixes a mandatory sentence of life or death for any offense that resulted from an underlying murder. The statute fails, however, to provide any guidance for determining whether a state law violation is the functional equivalent of a federal offense contemplated in section 1959.

In the instant case, because the indictment specifically charged the underlying predicate offense as the Florida offense of first-degree premeditated murder, the jury was instructed on the elements required to sustain a conviction for that offense under Florida law:

> First: Paul Anderson is dead;
> Second: The death was caused by the criminal act of the Defendant; and
> Third: There was a premeditated killing of Paul Anderson.

(Doc. 379 at 21.) Consistent with the elements set forth above, the Florida murder statute succinctly defines first-degree premeditated murder as "[t]he unlawful killing of a human being..[w]hen perpetrated from a premeditated design to effect the death

of the person killed or any human being." FLA. STAT. § 782.04(1)(a)1. The Florida statute later defines second-degree murder as "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual…" FLA. STAT. § 782.04(2).

In contrast to the Florida offense of first-degree murder, the federal offense of murder, codified at 18 U.S.C. § 1111, carries an element of "malice aforethought" that applies to both first and second degree murder. Specifically, the federal murder statute defines murder as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). It next goes on the distinguish first-degree murder as "[e]very murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, *malicious, and premeditated* killing or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated *from a premeditated design unlawfully and maliciously* to effect the death of any human being other than him who is killed…" *Id.* (emphasis added). The statute then provides that any other murder is murder in the second degree. *Id.*

Given the text of the statute, the federal offense of murder clearly distinguishes premeditation and malice aforethought as separate and distinct elements of the offense of murder. The Eleventh Circuit pattern jury instructions, likewise, clearly separate premeditation and malice aforethought as separate elements of the offense:

> It's a Federal crime to murder another human being within the [special maritime] [territorial] jurisdiction of the United States. Murder is the unlawful killing of a human being with malice aforethought.
>
> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
> (1) the victim, [victim's name], was killed;
> (2) the Defendant caused the death of the victim with malice aforethought;
> (3) the Defendant did so with premeditated intent; and
> (4) the killing took place within the [special maritime] [territorial] jurisdiction of the United States.
>
> To kill with "malice aforethought" is to intend to take someone else's life deliberately and intentionally, or to willfully act with callous and wanton disregard for human life. It doesn't matter whether the Defendant hated the victim or felt any ill will toward the victim at the time. But the Government must prove beyond a reasonable doubt that the Defendant intended to kill or willfully acted with callous and wanton disregard for the consequences, knowing that a serious risk of serious bodily harm or death would result.
>
> Proof of premeditated intent is required in addition to proof of malice aforethought.

11th CIR. PATTERN JURY INSTRUCTIONS – CRIM. O45.1 First Degree Murder: Premeditated Murder; *see also United States v. Jaimes-Santibanez*, 349 Fed.Appx.

462, 464 (11th Cir. 2009) *quoting United States v. McRae*, 593 F.2d 700, 703–704 (5th Cir. 1979) (defining malice aforethought as set forth above).

In comparing the text of the definitions of first-degree and second-degree under the respective state and federal statutes, it appears that Florida sought to codify the equivalent of a malice aforethought element within the definition of second degree murder when it inserted the element of the perpetration of "any act imminently dangerous to another and evincing a depraved mind regardless of human life." The Florida murder statute does not, on the other hand, include any such similar element within the definition of first-degree murder. Instead, the Florida first-degree murder offense provides for a very broadly-defined offense that encompasses any unlawful killing carried out with premeditation.

Florida courts have found that little distinction exists between the terms "premeditation" and "malice aforethought." *See Pell v. State*, 122 So. 110 (Fla. 1929); *Bird v. State*, 18 Fla. 493 (1881). The federal murder statute, however, clearly differentiates between malice aforethought and premeditation. More importantly, the federal statute carries an essential element of malice aforethought for any federal murder offense.

Because, in the instant case, the jury was not instructed on malice aforethought with respect to Count Two, nor was it asked to make a finding that Mr. Cosimano acted with malice aforethought, the jury's finding of guilt as to committing the

Florida offense of first-degree premeditated murder in aid of racketeering should not be considered as the equivalent of committing "murder" in aid of racketeering as contemplated in 18 U.S.C. § 1959(a)(1). For that reason, the mandatory life imprisonment sanction called for in section 1959(a)(1) should not apply in the instant case.

## II. The 18 U.S.C. 3553(a) Factors

After properly calculating the Guidelines range, the Court must then make an individualized assessment of the case and consider each of the factors set forth in 18 U.S.C. § 3553(a) before deciding upon a sentence. *Id.* at 49-51. Those factors include:

> (1) the nature and circumstances of the offense;
> (2) the history and characteristics of the defendant;
> (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
> (4) the need to protect the public; and
> (5) the Guidelines range, as well as
> (6) the kinds of sentences available;
> (7) the need to avoid sentencing disparities among similar defendants who have been found guilty; and
> (8) the need to provide restitution to victims of the offense.

*United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006) (citations omitted). A consideration of the various 3553(a) factors applicable in the instant case, including the defendant's history and characteristics, the nature and circumstances of the offense, and the need to provide just punishment, protect the public, and avoid

unjust sentencing disparities, all establish that a life sentence would be a punishment greater than necessary to accomplish the purposes of sentencing set forth in § 3553(a).

As documented in the Presentence Report, Mr. Cosimano has a long history as a hard worker who contributed to the community. He had and continues to have close relationships with his family. Shortly before the alleged offense, Mr. Cosimano's mother passed away. As the Presentence Report discusses and as the post-arrest interrogation of Mr. Cosimano showed, his mother's passing had a profound impact on him. The mental anguish he was experiencing after the loss of his mother likely contributed to poor choices Mr. Cosimano made thereafter.

Notwithstanding the foregoing, the imposition of a life sentence in the instant case would create an unwarranted disparity in sentence between Mr. Cosimano and co-defendant Allan Guinto, who received a sentence of only 144 months. While Guinto had pled guilty and received the benefit of a motion under USSG 5K1.1, the evidence at trial showed that he was an active participant in the shooting of Paul Anderson and was potentially the perpetrator of the acts that underlied Counts Six and Seven, for which Mr. Cosimano had been found not guilty.

In the end, a consideration of the applicable section 3553(a) factors establishes that a life sentence would be an unjust punishment in the instant case. Given his employment history and the strong support system that he has, Mr. Cosimano will

be equipped to turn his life around and be a productive member of society if he is to be released from incarceration in the future.

## CONCLUSION

Based on the foregoing, Mr. Cosimano respectfully requests that this Honorable Court consider the foregoing in determining a reasonable sentence to impose in this case.

Respectfully Submitted,

s/ *J. Jervis Wise*
J. JERVIS WISE, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: jervis@acquitter.com
Florida Bar # 0019181
Counsel for Defendant Cosimano

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 7, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                Respectfully Submitted,

s/ *J. Jervis Wise*
J. JERVIS WISE, ESQ.
BRUNVAND WISE, P.A.
615 Turner Street
Clearwater, FL 33756
Telephone: 727-446-7505
Facsimile: 727-446-8147
E-Mail: jervis@acquitter.com
Florida Bar # 0019181
Counsel for Defendant Cosimano