UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                               **Case No: 8:18-cr-234-MSS-SPF**

**CHRISTOPHER B. COSIMANO,**

    **Defendant.**

___

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant Christoper Brian Cosimano's Motion for Recusal of Presiding Judge Mary S, Scriven. (Dkt. 625) Defendant petitions the Court for the voluntary recusal of the Undersigned on the basis that the Undersigned "Assumed the Role of Prosecutor by instructing the government on how to structure its case specifically, by telling them which charges to drop and which to keep. The judge ceased to act as a neutral arbiter and began acting as an adjunct to the prosecution." (<u>Id.</u> at 5) Further, "When the Judge Mary S, Scriven left her Judicial Role [which usurped] the executive branch of the government which Violated the sep[a]ration of power's doctrine and by Amending Cosimano's indictment Violated Fed. R. Crim. P. Rule 6 and 7 and his right to due-process." (<u>Id.</u> at 6) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion for Recusal.

1

Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal. Hamm v. Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983). Recusal under 28 U.S.C. § 144 is mandated "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Recusal under § 455(b)(1) is mandated whenever a federal judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Both §§ 144 and 455 provide that the decision for recusal should "be made on the basis of conduct extra-judicial in nature as distinguished from conduct within a judicial context." Davis v. Bd. of Sch. Comm'rs of Mobile Cty., 517 F.2d 1044, 1052 (5th Cir. 1975).[1] Conduct is considered "extra-judicial" when it occurs outside the judicial proceedings. See Liteky v. United States, 510 U.S. 540, 555 (1994). Further, adverse rulings are grounds for appeal, not recusal. Id.; see also Daker v. Warren, No. 20-12296, 2023 WL 4560224, at *4 (11th Cir. Jul. 17, 2023) (citing In re Evergreen Sec., Ltd., 570 F.3d 1257, 1274 (11th Cir. 2009)). Stated plainly, a party may not compel a judge to recuse herself because the judge has issued an order or ruled against the party in the current case or a prior case.

The Court finds that the Motion is insufficient to show that the Undersigned should recuse herself from presiding over this action. The specific argument

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

concerning the Government's decision to pursue only the federal basis to prosecute Cosimano is without basis. This matter was raised in the charge conference and resolved voluntarily among the lawyers. Cosimano did not raise this challenge on appeal, and his case is final as to the determination of guilt on the instructions submitted to the jury. In any event, Cosimano's raises no extra-judicial conduct as the basis for the requested recusal. Defendant further fails to provide an affidavit in support of his Motion as required by 28 U.S.C. § 144. Nevertheless, the Undersigned examines the record for evidence that may indicate that her "impartiality might be reasonably questioned." 28 U.S.C. § 455(a). Finding none, the Court determines recusal is not warranted. The allegations fail to establish that the Undersigned converted herself into a prosecutor.

Accordingly, the Court hereby **ORDERS** that Defendant's Motion for Recusal of Presiding Judge Mary S, Scriven, (Dkt. 625), is **DENIED**. This case shall reman **CLOSED**.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of November 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person